UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                              No. 03-4140

DAVID LEE TIGNOR,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-01-10051)

Submitted: August 26, 2003

Decided: September 12, 2003

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen J. Kalista, Big Stone Gap, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

David Tignor appeals his conviction for one count of being a felon and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) (2000). The district court sentenced Tignor to seventy-eight months of imprisonment, to be followed by a supervised release term of three years. Finding no reversible error, we affirm.

Tignor contends that the district court erred in denying his request for a jury instruction on entrapment. To be entitled to a requested jury instruction, the defendant must establish a sufficient evidentiary foundation to support the instruction. *United States v. Lewis*, 53 F.3d 29, 32 n.8 (4th Cir. 1995). "Entrapment is an affirmative defense, and the defendant has the initial burden to 'produce more than a scintilla of evidence that the government induced him to commit the charged offense' before the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." *United States v. Sligh*, 142 F.3d 761, 762-63 (4th Cir. 1988) (internal citations omitted). We conclude that Tignor was not entitled to a jury instruction on entrapment because he was predisposed to committing the charged offense.

Tignor also contends that the district court erred in denying his motion for a judgment of acquittal with regard to the .12 gauge shotgun found in his residence. In reviewing the denial of a motion for a judgment of acquittal, this court must determine "whether there is substantial evidence . . . which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).

The elements of a § 922(g)(1) violation are that: "(1) the defendant previously had been convicted of a crime punishable by a term of

imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). In addition, § 922(g)(3) provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to . . . possess . . . any firearm." 18 U.S.C. § 922(g)(3).

Blake Gordon, an agent from the Bureau of Alcohol, Tobacco, and Firearms, testified that the shotgun had traveled in interstate commerce. In addition, Tignor stipulated that he had been convicted of a felony and does not challenge the jury's finding that he was an unlawful drug user. Further, we conclude that there was sufficient evidence for a jury to conclude that Tignor had constructive possession of the .12 gauge shotgun found in a closet near a bedroom in Tignor's residence. *See United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985).

Accordingly, we affirm Tignor's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*